# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:06-CV-267-RJC-DCK

| | | |
|---|---|---|
| **MARY S. REID,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **ORDER** |
| | **)** | |
| **JOHN E. POTTER,** | **)** | |
| **Postmaster General, U.S. Postal Service,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |
| | **)** | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion to Compel Response to Discovery Requests" (Document No. 10) filed August 7, 2007.  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review.

Having fully considered  the record,  applicable authority, good cause shown, and Plaintiff having filed no response, the undersigned will <u>grant</u> the motion.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons have knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in this action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Furthermore, relevant case law supports that the rules of discovery be accorded broad and liberal construction.  See <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979); and <u>Hickman v. Taylor</u>, 329

U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

In the instant case, Defendant alleges that the Plaintiff's responses to discovery requests, including interrogatories and requests for production, are overdue. Defendant has provided significant evidence of requests for Plaintiff to return timely responses to discovery. Plaintiff has not filed any response to the "Motion to Compel...." The undersigned finds Defendant's requests reasonable and relevant, and orders that if full responses have not been provided by Plaintiff already, they must be provided immediately.

The undersigned does not find that expenses or attorney's fees are appropriate at this time, however, future dilatory conduct by Plaintiff may result in sanctions that could include a requirement to pay costs, including reasonable attorney's fees, and/or may result in the dismissal of the lawsuit. Federal Rule of Civil Procedure 37(b)(2) states:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In addition, Federal Rule of Civil Procedure 41(b) allows:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant ... a dismissal under this subdivision ... operates as an adjudication on the merits.

The parties are reminded that their "Pretrial Order and Case Management Plan" (Document No. 9) identifies **September 7, 2007** as the deadline for completing discovery, as well as mediation, and filing a report on the results of their mediation.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion to Compel..." (Document No. 10) is **GRANTED**.

Signed: August 22, 2007

David C. Keesler
United States Magistrate Judge

3