# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:06cv267

| | |
|---|---|
| MARY S. REID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JOHN E. POTTER, ) | |
| Postmaster General, ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the response of the Defendant John E. Potter, Postmaster General, United States Postal Service, to the Order filed October 19, 2007. Although the Plaintiff was also ordered to file response on or before November 5, 2007, she has failed to file a timely response.

On September 6, 2007, the Defendant filed a motion to dismiss the action as a sanction for discovery violations. The Plaintiff failed to file response to that motion.

**PROCEDURAL HISTORY**

The Plaintiff initiated this action alleging employment discrimination by filing her complaint on June 26, 2006. In her complaint, the Plaintiff alleged that she received the right-to-sue letter on March 26, 2006. Upon review of the complaint, the Court questioned whether the Plaintiff had timely commenced the action within ninety days after receipt by the Plaintiff of the right-to-sue letter mailed to her by the Equal Employment Opportunity Commission (EEOC).[1]

On February 26, 2007, the Magistrate Judge entered a pre-trial order and case management plan setting the deadline for discovery as September 7, 2007 and the deadline for motions as October 9, 2007. On

---

[1] The Fourth Circuit has held that the two prerequisites for filing suit in such cases is the timely filing of a charge with the EEOC and the receipt and action upon the EEOC's statutory notice of the right to sue. Long v. Ringling Bros., 9 F.3d 340, 342 (4th Cir. 1993) ("Long satisfied the jurisdictional prerequisites for Title VII" by filing suit within 90 days of receiving the right to sue letter.); Davis v. North Carolina Dept. of Corrections, 48 F.3d 134, 138 (4th Cir. 1995). Whether such prerequisites have been satisfied may be addressed by the Court *sua sponte*. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 158 (1984); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998); Interstate Petroleum Corp. v. Morgan, 249 F.3d 215 (4th Cir. 2001). Considering the 90 day period to be in the nature of a statute of limitations, *see, e.g.*, Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), the Court also may address such issues *sua sponte*. Day v. McDonough, 547 U.S. 198 (2006). Moreover, although the Court requested briefing on the issue of timeliness, nothing outside the record, that is, the Plaintiff's complaint and exhibits thereto, have been considered.

August 7, 2007, approximately one month prior to the deadline for discovery completion, the Defendant moved to compel the Plaintiff to respond to the interrogatories and requests for production.  In the motion, the Defendant cited the Plaintiff's failure to comply with the response period.  The Defendant also noted in the motion that attempts to depose the Plaintiff were being made.

The Plaintiff failed to respond to the motion and on August 22, 2007, the Magistrate Judge entered an Order compelling the Plaintiff to comply with discovery requests.  <u>Order</u>, filed August 22, 2007.  Contained within that Order was the following warning:

> [F]uture dilatory conduct by Plaintiff may result in sanctions that could include a requirement to pay costs, including reasonable attorney's fees, and/or *may result in the dismissal of the lawsuit*.  Federal Rule of Civil Procedure 37(b)(2) states:
>
>> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others ... *dismissing the action* or proceeding or any part thereof, or rendering judgment by default against the disobedient party.
>
> ...
> In addition, Federal Rule of Civil Procedure 41(b) allows:
>
>> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action ... against the defendant.

<u>Id.</u>, at 2 (emphasis provided).

One day after the Order was entered, the Plaintiff filed an untimely response to the motion to compel. She attached to that response a copy of a letter from the Defendant's counsel in which he stated:

> This will confirm that you called today and stated that you would not be able to appear for your deposition on Friday, August 17, 2007. You also stated that you were not in a position to schedule your deposition before the September 7, 2007 discovery deadline, and probably not for a few months. At your request, I offered to schedule the deposition in Charlotte instead of Asheville, but you were still unable to set up a date for your deposition.

<u>Letter dated August 14, 2007, from Sidney Alexander</u>, attached to Plaintiff's Response, filed August 23, 2007.

On September 6, 2007, the Defendant moved for sanctions, including dismissal, as a result of the Plaintiff's failure to comply with the Magistrate Judge's order that she answer discovery. The Plaintiff did not respond to the motion.

On November 6, 2007, the Plaintiff filed an untimely response to the Order of October 19, 2007 in which she stated that she received the right-to-sue letter on March 26, 2006.

## DISCUSSION

Failure to bring suit within the prescribed ninety day limit of 42 U.S.C. §2000e-5 is grounds for dismissal of the action. <u>Irwin v. Dept. of Veterans</u>

Affairs, 498 U.S. 89, 96 (1990). By so failing, the claimant forfeits the right to pursue the claim. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149-50 (1984); Darden v. Cardinal Travel Ctr., 493 F.Supp.2d 773, 774 (W.D.Va. 2007).

It is undisputed that the EEOC mailed the right-to-sue letter on March 21, 2006. The Plaintiff alleged in her complaint that she received the right-to-sue letter March 26, 2006. The Court takes judicial notice that mail delivered in the normal course is not delivered on Sunday.[2] Abano v. Chertoff, 2007 WL 2086673 (S.D.Tex. 2007); Holmes v. McCoy, 2004 WL 1886137, **2 (S.D.N.Y. 2004), citing Blackburn v. Eli Lilly & Co., Inc., 1999 WL 1125048 **3 (N.D.N.Y. 1999).

The EEOC right-to-sue letter, mailed on March 21, 2006, was presumed to have been received three days later; that is, on March 24, 2006. "When, as here, the actual date of Plaintiff's receipt of the right-to-sue letter is unknown or in dispute, the court will presume receipt three days after mailing by the EEOC."[3] Taylor v. Potter, 355 F.Supp.2d 817,

---

[2]The Plaintiff has not alleged in her complaint that the letter was delivered in any manner other than in the normal course.

[3]The Plaintiff states in her untimely response that the bottom of the EEOC letter contained a statement that the EEOC would presume that the letter was received within five calendar days after mailing. Any presumption made by the EEOC that a letter would be received within five

819 (M.D.N.C. 2005), citing Federal Rule of Civil Procedure 6(e), Baldwin County Welcome Ctr., *supra*.; Ish v. Arlington Co., Va., 918 F.2d 955 (table) (4th Cir. 1990), citing Griffin v. Prince William Hosp. Corp., 716 F.Supp. 919, 921 n.7 (E.D.Va. 1989); Harvey v. City of New Bern Police Dept., 813 F.2d 652 (4th Cir. 1987).  Here, the Plaintiff admits that as of Sunday, March 26, 2006, she had the letter.  And, the Defendant correctly notes that the latest date on which the Plaintiff could have received the letter was Saturday, March 25, 2006.  Abano v. Chertoff, *supra*.

The fact that the Plaintiff may not have picked up her mail until Sunday does not modify the result.  It is the delivery of the letter which triggers the time period even if the plaintiff does not actually pick up her mail until later.  Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40, 42 (4th Cir. 1993).  Thus, using the date of March 25, 2006 as the receipt date, the 90 day period within which the Plaintiff must have filed her complaint expired on Friday, June 23, 2006.  The Plaintiff's complaint, filed on June 26, 2006, was outside the ninety day period prescribed by statute and the action must be dismissed.  Harvey, *supra*.; Taylor, *supra*.; Griffin, *supra*.  Since the Plaintiff failed to timely respond to the Order, there is no reason to consider equitable tolling.  Nor has any such argument been

---

calendar days is not relevant to the issue at hand.

raised by the Plaintiff.

The Court also finds that dismissal of the complaint is warranted as a sanction for discovery abuses. A review of the record shows that the Plaintiff has persistently engaged in a pattern of dilatory tactics. On August 22, 2007, the Magistrate Judge ordered the Plaintiff to comply with the Defendant's discovery requests. Despite his Order, the Defendant was compelled to return to court yet again as a result of the Plaintiff's refusal to abide by the Order. Attached to the Defendant's motion for sanctions are the Plaintiff's responses to interrogatories. Out of twenty interrogatories, the Plaintiff claimed that eleven of them were overbroad and refused to provide answers. Those answers which were provided as to other interrogatories were incomplete and/or so vague as to provide no information. Out of thirteen requests for production, the Plaintiff claimed all of them were overbroad or privileged, such as medical records to support her claim for damages. And, she did not produce any documents.

In the Fourth Circuit, district courts are advised to consider four factors prior to dismissing an action as a sanction for discovery violations: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction; and (4) the efficacy of a

less drastic sanction.  Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989).  Before dismissing an action, however, the Court must provide clear warning of the consequences.  Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 472 (4th Cir. 1993).

In this case, the Magistrate Judge provided an explicit and clear warning that the Plaintiff's case could be dismissed for failure to comply with his order.  See, *e.g.*, Zornes v. Specialty Industries, Inc., 166 F.3d 1212 (table) (4th Cir. 1998).  The Court finds that the Plaintiff's repeated failures to respond and/or late responses show bad faith and indicate the lawsuit was filed to harass without any real intention of prosecution.  *Id.*, at **7 (Bad faith is demonstrated by consistent disregard of discovery deadlines and "eleventh hour" requests for extensions.); PVD Plast Mould Industries, Ltd. v. Polymer Group, 31 Fed. Appx. 210 (4th Cir. 2002).  The deadlines imposed in the pre-trial order have passed and discovery still has not been completed, a fact due solely to the Plaintiff's dilatory conduct in refusing to comply with discovery and the Magistrate's order.  Zornes, *supra.*  As a result, the Defendant has been unable to adequately defend its case, resulting in prejudice and additional attorneys' fees.  *Id.*; Silvestri v. General Motors Corp., 271 F.3d 583, 592 (4th Cir. 2001).

As for the need to deter, "[i]n light of the dramatic increase in federal court litigation, [appellate courts] will not circumscribe the district courts' ability to maintain efficiently their dockets and to guard jealously the court's integrity." Zornes, *supra.*, at \*\*8. A failure to dismiss in this action would cause "other parties to other lawsuits [to] feel freer than ... Rule 37 contemplates they should feel to flout other discovery orders of other district courts." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976).

Nor does the Court find that a less drastic sanction would be meaningful since the Plaintiff has consistently ignored court-ordered deadlines and directives to complete discovery. The Plaintiff's failure to comply with a court order shows a "pattern of indifference and disrespect to the authority of the court" which warrants dismissal. Mutual Fed. Sav., 872 F.2d at 93. "[F]ederal judges possess the inherent authority to dismiss a complaint to sanction litigants ... who violate court orders, abuse the litigation process, or otherwise conduct the litigation in bad faith." Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1076 (E.D.Va. 1991), *affirmed* 16 F.3d 414 (table) (4th Cir. 1993). *Pro se* litigants are not immune from the sanction of dismissal. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), *cert. denied sub nom.*, Ballard v. Volunteers of America, 493 U.S. 1084

(1990).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's complaint is hereby **DISMISSED** with prejudice.

Signed: November 9, 2007

Martin Reidinger
United States District Judge